IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FIREMAN'S FUND, | ) | 8:03CV341 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STRUCTURAL SYSTEMS TECHNOLOGY, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| STRUCTURAL SYSTEMS TECHNOLOGY, INC., | ) ) ) | 8:04CV194 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NATIONAL FIRE & MARINE INSURANCE CO., et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions of Fireman's Fund to join a necessary party, Filing No. 65 in 8:03CV341 and Filing No. 112 in 8:04CV194. National Fire & Marine Insurance Company joins the motion, Filing No. 120 in 8:04CV194. Structural Systems Technology, Inc. ("SST"), and Duhamel Broadcasting Enterprises ("Duhamel") oppose the motions, Filing Nos. 126 and 127 in 8:04CV194 and Filing No. 70 in 8:03CV341.

I. BACKGROUND

These are consolidated actions for declaratory relief involving issues of insurance coverage for damages resulting from the collapse of a broadcasting tower. An action for breach of contract and negligence in connection with the collapse was tried to the court and a jury from May 23, 2005, to May 25, 2005. Judgment was entered in favor of Duhamel and against SST on June 8, 2005.

In support of the motions to add a necessary party, Fireman's Fund asserts that it has recently become aware of another policy of insurance, issued by Markel Insurance company to SST, that "was in effect at the time of the collapse and could effectively provide coverage for the Duhamel tower collapse." Filing No. at 2. Fireman's Fund states that its understanding is that the policy is a $10,000,000 excess policy. In opposition to the motion, Duhamel and SST contend that Markel is neither necessary nor indispensable to resolution of the coverage issues, that its joinder would cause substantial delay, and that Markel is believed to be incorporated in Virginia, as is SST, and Markel's joinder would thus destroy complete diversity in case 8:03CV341.

## II. DISCUSSION

The asserted basis for subject matter jurisdiction in this case is diversity of citizenship, which requires complete diversity among the parties. *See* 28 U.S.C. § 1332; *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 725 (8th Cir. 2001). If subject matter jurisdiction exists at the time the action is commenced, it will generally not be divested by subsequent events, except in cases "where a nondiverse party must be joined because the party was indispensable at the time the complaint was filed." *Id.*

The first step in determining whether a party is indispensable is to determine whether it is a necessary party under Fed. R. Civ. P. 19(a). *Id.* Rule 19(a) provides, in relevant part:

> (a) Persons to Be Joined If Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action <u>shall</u> be joined as a party in the action if:
>
>     (1)    in the person's absence complete relief cannot be accorded among those already parties or

>   (2)   the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
>   >   (i)   as a practical matter impair or impede the person's ability to protect that interest or
>   >
>   >   (ii)   leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). The rule provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. Fed. R. Civ. P. 19.

Joinder of an additional party is mandatory only in the circumstances described in Fed. R. Civ. P. 19(a). *International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers v. Commercial Warehouse Co.*, 84 F.3d 299, 302 (8th Cir. 1996). The focus of Rule 19(a)(1) "is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Gwartz v. Jefferson Memorial Hosp. Ass'n,* 3 F.3d 1426, 1428 (8th Cir.1994). Rule 19(a)(2) recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence and the need for considering whether a party may be left, after the adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability. *See* Fed. R. Civ. P. 19 advisory committee's note.

There has been no showing that Markel is a necessary party. Because Markel's policy is an excess or umbrella policy, and National Fire's policy, as well as Fireman's Fund's policy are policies of primary coverage, with arguable conditions, Markel's policy would not come into play until all primary coverage, including any offered by other parties

3

to Case Number 8:04CV194 (National Fire & Marine Ins. Co., Great American E & S Ins. Co., Underwriters at Lloyd's London, and Zurich American Ins. Co.) has been exhausted. Any obligation of those parties to provide coverage is totally independent from Markel's alleged liability for excess coverage. Accordingly, the determination of coverage issues involving the parties to the litigation can be determined without reference to any eventual contribution by Markel. Markel's potential liability can adequately be addressed in a separate litigation, if necessary.

Assuming that the coverage provided under the policy is, in fact, excess and that Markel is, in fact, a Virginia corporation, and in view of the advanced state of these proceedings and the additional delay, hardship, and potential impact on diversity jurisdiction that joinder could cause, the court finds the motions should be denied. Accordingly,

IT IS ORDERED:

1. Fireman's Fund's motions to join a necessary party, Filing No. 65 in 8:03CV341 and Filing No. 112 in 8:04CV194, are denied.

2. National Fire & Marine Insurance Company's motion to join a necessary party, Filing No. 120 in 8:04CV194, is denied.

3. The Clerk of Court is directed to file this order in both 8:04CV194 and 8:03CV341.

DATED this 25th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge