IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUHAMEL BROADCASTING ENTERPRISES, | ) ) | 8:03CV47 |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| STRUCTURAL SYSTEMS TECHNOLOGY, INC. | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the motion of plaintiff Duhamel Broadcasting Enterprises ("Duhamel Broadcasting") to amend the judgment pursuant to Fed. R. Civ. P. 59(e), Filing No. 69, and the renewed motion of defendant Structural Systems Technology, Inc. ("SST"), for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59(e). Filing No. 73.

This action for breach of contract and negligence in connection with the collapse of a broadcasting tower was tried to the court and a jury from May 23, 2005, to May 25, 2005.[1] At the close of the evidence, the court granted Duhamel's motion for judgment as a matter of law on liability. *See* Filing No. 62, Minutes; Filing No. 87, Trial Tr., Vol. IV at 14-28. The issue of damages was submitted to the jury for its determination. Filing No. 63, Verdict. Pursuant to the verdict, judgment was entered in favor of Duhamel in the amount of $3,239,243.01, which represents the "the reasonable and necessary cost of building a tower similar in quality to the Hemmingford tower, to wit; the Angora tower, and making it

---

[1]The action is related to the consolidated cases of *Fireman's Fund v. Structural Systems Technology*, No. 8:03CV341, and *Structural Systems Technology v. National Fire and Marine*, No. 8:04CV194, which involve issues of insurance coverage for damages resulting from the collapse ("the consolidated coverage cases"). The parties in the present action are also parties to the consolidated coverage cases. Pursuant to a joint oral motion by the parties, the court held these posttrial motions in abeyance pending resolution of the coverage issues. Filing No. 76. The consolidated coverage cases have now been resolved. *See* Filing No. in No. 8:03CV341 and Filing No. in 8:04CV194.

operational" plus the reasonable value of miscellaneous expenses, including clean-up and shut-down costs, incurred in connection with the collapse of the tower. *Id.* In answers to interrogatories, the jury also determined that the fair market value of the tower immediately before its collapse was $4,500,000 and the reasonable cost of replacing the tower was $4,800,000. *Id.*

In its motion to alter or amend the judgment, Duhamel asserts that the proper measure of damages under Nebraska law is replacement cost and seeks amendment of the judgment to $4,601,723.13, which reflects the reasonable cost of replacing the Hemmingford tower, $4,500,000, plus $101,723.13 to cover its incidental damages.

A motion for a new trial or amendment of judgment under Fed R. Civ. P. 59 serves the limited function of allowing a court to correct manifest errors of law or fact or allowing a party to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.,* --- F.3d ----, 2006 WL 522212*, *2 (8th Cir. Mar. 6, 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

The proper measure of damages for injury to an improvement upon real estate which can be repaired is "the reasonable cost of repairing or restoring the property in like kind and quality," up to its fair market value, plus any other consequential damages. *"L" Investments Ltd. v. Lynch*, 322 N.W.2d 651, 656 (Neb. 1982). The evidence adduced at trial established that Duhamel was able to replace the collapsed tower with a shorter tower at a different location, Angora. The Angora tower fulfilled the purpose of the collapsed tower and was thus a replacement similar in kind and quality to the damaged property. There was no evidence that Duhamel lost either customers or money as a result of the

change of location and tower height. For the reasons stated on the record at the trial, the court finds Duhamel's motion to amend the judgment should be denied. *See* Filing No. 87, Trial Tr., Vol. IV at 27-55.

SST renews its motion for judgment as a matter of law or, in the alternative, moves for a new trial. Whether judgment as a matter of law is appropriate "is judged by viewing the evidence in the light most favorable to the nonmoving party and giving it the benefit of all reasonable inferences from the evidence, but without assessing credibility." *Catipovic v. Peoples Comm. Heath Clinic, Inc.*, 401 F.3d 952, 956 (8th Cir. 2005). This court must: (1) consider the evidence in the light most favorable to the nonmoving party; (2) assume that all conflicts were resolved in favor of that party; (3) assume as proved all facts that the nonmoving party tends to prove; and (4) give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the proved facts. *Id.*

SST argues that the court erred in granting judgment as a matter of law to Duhamel and asserts that the weight of the evidence shows that SST was not liable on both theories of negligence and breach of contract. SST further argues that it is entitled to a new trial for the same reason and also because the evidence does not support the jury's findings on damages. For the reasons stated on the record at trial and in its Memorandum and Order, the court finds SST's motion should be denied. See Filing No. 87, Trial Tr., Vol. IV at 14-18; Filing No. 67, Memorandum and Order at 10-15 (D. Neb. June 8, 2005). Accordingly,

IT IS HEREBY ORDERED that:

1.  Plaintiff Duhamel Broadcasting Enterprises' motion to amend the judgment (Filing No. 69) is denied;

2. Defendant SST's renewed motion for judgment as a matter of law or for a new trial (Filing No. 73) is denied;

3. The clerk of court is directed to additionally file this order in the consolidated cases of *Fireman's Fund v. Structural Systems Technology*, No. 8:03CV341, and *Structural Systems Technology v. National Fire and Marine*, No. 8:04CV194.

DATED this 30th day of March, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE