IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FIREMAN'S FUND,<br><br>        Plaintiff,<br><br>    v.<br><br>STRUCTURAL SYSTEMS<br>TECHNOLOGY, INC.,<br><br>        Defendant. | 8:03CV341<br><br><br>ORDER |
| STRUCTURAL SYSTEMS<br>TECHNOLOGY, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL FIRE & MARINE<br>INSURANCE CO., et al.<br><br>        Defendants. | 8:04CV194<br><br><br>ORDER |

This matter is before the court on Rule 59(e) motions to alter or amend the judgment filed by Duhamel Broadcasting Enterprises ("Duhamel"), Filing No. 82 in 8:03CV341 and Filing No. 148 in 8:04CV194; Great American E&S Insurance Company ("Great American"), Filing No. 145 in 8:04CV194; and on Duhamel's motion for attorneys' fees, Filing No. 80 in 8:03CV341 and Filing No. 146 in 8:04CV194; Structural Systems Technologies' ("Structural Systems") motions for attorneys' fees, Filing Nos. 84 and 92 in 8:03CV341 and Filing Nos. 150 and 165 in 8:04CV194.  Fireman's Fund has submitted briefs in support of Great American's motion to alter or amend, Filing No. 155 in 8:04CV194 and Filing No. 86 in 8:03CV341.  This is an action for declaratory relief relating to insurance coverage.

In the court's earlier Memorandum and Order on the parties' motions for summary judgment, the court determined the parties' rights and responsibilities in connection with

coverage for Structural System's liability for damage to Duhamel's property as the result of the collapse of a television transmission tower in Hemingford, Nebraska, on September 24, 2002.  Filing No. 140 in 8:04CV194 and Filing No. 77 in 8:03CV341 ("Memorandum and Order").  Structural System's liability for the collapse of the tower was established in the related case of *Duhamel Broadcasting Enters. v. Structural Sys. Tech., Inc.*, No. 8:03CV47, Memorandum and Opinion (D. Neb. June 8, 2005) ("the underlying action"). Filing No. 76 in 8:04CV194; Filing No. 45 in 8:03CV341.  Judgment was entered in favor of Duhamel in the amount of $3,239,243.01. *Id.,* Filing No. 46 in 8:03CV341 and Filing No. 77 in 8:04CV194.

In its Memorandum and Order, the court determined that Fireman's Fund's inland marine policy, Great American's commercial general liability policy, and National Fire's commercial general liability policy each provided coverage for the collapse of the tower. Memorandum and Order at 26-30.  Because each policy contained a mutually repugnant "other insurance" provision, the court determined that each insurer was liable for its pro rata share of the judgment up to its per-occurrence limits.  *Id.* at 31-32.

In their motions to alter or amend, Duhamel and Great American seek clarification of the court's Memorandum and Order.  Duhamel seeks a clarification of the court's order with respect to Fireman's Fund.  It asserts that, although the court found that Fireman's Fund, Great America, and National Fire policies all provided coverage to Structural Systems for damage to Duhamel's tower, the court entered summary judgment in favor of Duhamel only with respect to Great American and National Fire.  As noted, this is an action for declaratory relief.  The court granted the declaratory relief sought in the various complaints and cross-claims.  Duhamel is not a party to the action between Structural Systems and Fireman's Fund, No. 8:03CV341, and Fireman's Fund is not a named party in the case involving Structural Systems, Duhamel and the other insurers, No. 8:04CV194. Fireman's Fund's liability for coverage to Structural Systems for damage to the tower is adequately addressed in the court's grant of summary judgment to Structural Systems on

that issue. The judgment entered herein incorporates the Memorandum and Order by reference. Filing No. 141. Accordingly, the court finds it unnecessary to alter or amend the order to reflect entry of summary judgment in favor of Duhamel and against Fireman's Fund.

Great American moves to alter or amend the judgment to include a monetary judgment in its favor against defendant National Fire for one-half of its defense costs and expert fees. Great American has shown that it has incurred $81,980.34 in fees and expenses of defense counsel and $75,775.17 in expert fees and expenses for a total of $157,755.51 to defend the action. It seeks a judgment against National Fire in the amount of $78,877.75. Fireman's Fund supports Great American's motion and seeks a declaration that, under its policy, it has no duty to defend and is not liable for defense costs. Fireman's Fund has shown that it had no duty to defend under its policy. See Filing No. 107, Index of Evidence. Great American cross-claimed against National Fire, and not Fireman's Fund, for contribution of defense costs. *See* Filing No. 6. in 8:04-341. Accordingly, the court's statement that the "finding of coverage to SST for its liability to Duhamel under policies issued by Fireman's Fund, Great American and National Fire means that these insurers should also share defense costs" may have been in error. *See* Memorandum and Order at 32. The error is of no consequence, however, since the court limited Great American's recovery for contribution to recovery from National Fire. *Id.* at 33. Any misstatement will be remedied by the entry of a monetary judgment against National Fire for half the defense costs.

District courts have broad power under 28 U.S.C. § 2202 to craft damages awards in declaratory judgment actions to effectuate their judgment. *Bancinsure, Inc. v. BNC Nat'l Bank, N.A.,* 263 F.3d 766, 772 (8th Cir. 2001). Accordingly, the court will grant Great American's motion to alter and amend the judgment. The court will enter judgment in favor of Great American and against National Fire in the amount of $78,877.75.

3

Duhamel and Structural Services seek an award of attorneys' fees under Neb. Rev. Stat. § 44-359. Fireman's Fund and Great American oppose Duhamel's motion. That statute provides for recovery of a reasonable sum as an attorney's fee "[i]n all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . upon rendering judgment against such [insurer]." Attorney fees may be awarded under § 44-359 in declaratory judgment actions even if it is the insurer who institutes the action. *Union Ins. Co. v. Bailey,* 450 N.W.2d 661, 665 (Neb. 1990). An attorney fee awarded under the provisions of § 44-359 "must be *solely* and only for services actually rendered in the preparation and trial of the litigation *on the policy in question.*" *National American Ins. Co. of Nebraska, Inc. v. Continental Western Ins. Co.,* 825 (Neb. 1993) (*quoting Hemenway v. MFA Life Ins. Co.,* 318 N.W.2d 70, 76 (1982)) (emphasis in original).

A judgment creditor of an insured is entitled to bring an action and recover fees. *State Farm Mut. Auto. Ins. Co. v. Royal Ins. Co. of America,* 382 N.W.2d 2, 8 (Neb. 1986); *see also State Farm Fire & Cas. Co., v. Muth,* 207 N.W.2d 364, 368 (Neb. 1973) (allowing fees to insured's judgment creditor). Moreover, an injured party is a beneficiary of the insurance contract and is entitled to reasonable attorneys' fees. *National Am. Ins. Co.,* 502 N.W.2d at 825; *Allied Prop. & Cas. Co. v. Kreifels,* — N.W.2d —, 2004 WL 377 363 (Neb. App. 2004) (finding that § 44-359 authorizes a fee award to a defendant insurer in a declaratory judgment action absent any contractual relationship with unsuccessful insurer even though the underlying suit had not been resolved).

Duhamel is Structural System's judgment creditor pursuant to the judgment entered in the underlying action. Duhamel suffered the damage covered by the policies. It participated in the litigation of this coverage action. Duhamel and Structural Systems successfully pursued claims for declarations of coverage under these insurer's policies. Accordingly, the court finds that Duhamel and Structural Systems are entitled to recover attorneys' fees and costs from Great American, National Fire and Fireman's Funds for fees

4

and costs expended in litigating coverage under the Great American, National Fire and Fireman's Funds policies.

Structural Systems originally sought fees in the total amount of $49,903. In response to the insurers' contentions that the sum included fees for work on unsuccessful claims, it amended its request, apportioning the fees to each insurer against which it was successful. *See* Filing No. 99 in 8:03CV341 and Filing No. 177 in 8:04CV194. Structural seeks fees and costs in the amount of $15,698.80 from Fireman's Fund, $10,761.55 from Great American, and $8,224.05 from National Fire. It does not seek an award of fees for work attributable to Lloyd's or Zurich. Structural Systems has submitted detailed time sheets in support of its application for fees.

In determining the value of legal services rendered by an attorney for awarding fees under Neb. Rev. Stat. § 44-359, it is proper to consider the amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *National Am. Ins. Co.,* 502 N.W.2d at 825. In consideration of those factors, the court has reviewed Structural Systems' submissions and finds that the fees that it seeks are reasonable.

Based on its familiarity with the case, the court finds the hours and labor expended by Structural Systems on the case were reasonable. The case involved complicated issues that required substantial research and briefing. The parties filed and responded to numerous motions. Attorneys Everton and Temple have submitted affidavits and timesheets. Based on the affidavits and on the court's familiarity with fees in the community, the court finds the hourly rate is reasonable. Additionally, the award is in line with awards in similar cases. The court has considered the insurers' objections to the fees and finds them without merit. Accordingly, the court will enter judgment for fees to

Structural Systems in the amounts of $15,698.80 against Fireman's Fund, $10,761.55 against Great American, and $8,224.05 against National Fire.

Duhamel has not yet made a showing with respect to the amount of fees. The court will afford Duhamel an opportunity to do so.

IT IS ORDERED:

1.  Duhamel's motion to alter or amend the judgment (Filing No. 82 in 8:03CV341 and Filing No. 148 in 8:04CV194) is denied.

2.  Great American's motion to alter or amend the judgment (Filing No. 145 in 8:04CV194) and Fireman's Fund's motion to alter or amend the judgment Filing No. 155 in 8:04CV194 (brief construed as motion) is granted. An Amended Judgment will issue.

3.  Duhamel's Motion for attorneys' fees (Filing No. 80 in 8:03CV341 and Filing No. 146 in 8:04CV194) and Structural Systems' motions for attorneys' fees (Filing Nos. 84 and 92 in 8:03CV341 and Filing Nos. 150 and 165 in 8:04CV194) are granted. Judgment for attorneys' fees will be awarded in a separate order.

4.  Duhamel shall file an application for fees and costs within fourteen days of the date of this order. Opposing parties shall have seven days thereafter in which to object to Duhamel's application. Judgment for attorneys' fees will be awarded in a separate order following the parties' submissions.

DATED this 1st day of December, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
Chief U.S. District Court Judge